IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 05-cv-02499-REB-MJW**


JOHN WOLFORD,

     Petitioner,

v.

AL ESTEP, Warden of (L.C.F.), and
JOHN W. SUTHERS, Colorado Attorney General,

     Respondents.

---

## RECOMMENDATION ON APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


     This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn. (Docket No. 8).

     Before the court is the pro se petitioner's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 4) in which he challenges a February 22, 2005, State Parole Board decision to defer petitioner's parole to February 2006 based on "AGGRAVATING FACTORS/INADEQUATE TIME SERVED (Circumstances of Offense: Needs _More_ Time)." (underscore emphasis in original) (Docket No. 4 at 11). When asked on the form petition to state the background of his case briefly, petitioner states:

     On February 22,2005,petitioner [sic] was taken to the "Parole Board....and

was not advised of my rights,or [sic] given some one who is trained in
law,to [sic] represent petitioners [sic] interest,petitioner [sic] was not
afforded any and all paper work that the Colorado Board of parole was
going to use in order to consider petitioners [sic] parole,petitioners [sic]
was denied due process, and equal protection in violation under the
1th,4th,5th,8th,and the 14th amendment,under [sic]the"color of state
law,and the constitution of Colorado. . . . '

(Docket No. 4 at 2).

In his first claim for habeas relief, petitioner contends that he was denied due

process because he "was denied the right to any and all paper work that the Colorado

board of parole was going to use in order to denied [sic] petioner [sic] to

parole,petitioner requested this information 30 days before petitioner was taken before

the board of parole.  Petitioner was denied a parole hearing,or advised of his rights,"

(Docket No. 4 at 3).  Second, petitioner asserts that he was denied equal protection

because he "was denied the same rights that other inmates that come before the board

of parole that are afforded a complete hearing before the board of parole,petitioner [sic]

was singled out because of petitioner being handicapp [sic] was denied the right to take

part in programs of the state,'under the color or state law,and [sic] constitution."

(Docket No. 4 at 3).  When asked on the form petition about exhaustion of remedies,

petitioner asserts that he requested an appeal and a rehearing, but he was denied.

(Docket No. 4 at 3).

Petitioner seeks the following relief:

Petitioner request a complete evidentiary hearing,before [sic] this
Honorable Court, the [sic] appointment of legal counsel because petitioner
do not know my rights under the Civil rights laws,under [sic] color of states
[sic] administrative laws,and [sic] all other relief this Honorable Court
deems just and prapare [sic] under the law, and [sic] the United States
Constitution, and an injunctive relief against the respondents....

(Docket No. 4 at 5).

On April 15, 2008, this court was unable to locate the petitioner on the Colorado Department of Corrections' on-line inmate locator service. This court thus issued a Minute Order in which respondents were directed on or before May 1, 2008, to file a status report with the court which updates the court as to whether petitioner is still in the custody of the Colorado Department of Corrections, whether petitioner has been paroled, and what respondents' position is as to whether this action is moot. (Docket No. 11).

The court has considered the respondents' Status Report (Docket No. 15), the amended petition (Docket No. 4), and the respondents' timely Answer to Application for Writ of Habeas Corpus (Docket No. 10). In addition, the court has considered appropriate Federal Rules of Civil Procedure and case law, as well as the court's file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Counsel for respondents advised the court in the Status Report that officials at the Colorado Department of Corrections ("CDOC") have informed him that the petitioner has discharged his sentence and, therefore, is no longer in the custody of the CDOC, either incarcerated or on parole. Since petitioner has discharged his sentence, the CDOC does not know his whereabouts at this time. Respondents accordingly assert that this action is moot, and this court agrees. The court further notes that the copy of the April 23 Minute Order that was mailed to the petitioner at his last known address was returned to the court as undeliverable (Docket No. 12). Petitioner has not updated his address since his release.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 4) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      May 2, 2008              s/ Michael J. Watanabe_____
            Denver, Colorado        Michael J. Watanabe
                                     United States Magistrate Judge